UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY REED | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| FIRST PREMIER BANK | * | JUDGE |
| | * | |
| Defendant. | * | MAGISTRATE |
| | * | |

*********************************************

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, First PREMIER Bank ("FPB"), while fully reserving its rights to object to service, jurisdiction, and venue, and without waiving any of its other defenses or objections, removes to this Court the civil action styled, *Anthony Reed v. First PREMIER Bank*, Case No. 16-06621, which was originally filed in the First City Court, Small Claims Division for the City of New Orleans, State of Louisiana, by Plaintiff, Anthony Reed ("Reed"). The specific grounds for removal are as follows:

## REED'S ALLEGATIONS

1. On September 21, 2016, Reed filed his Statement of Claim and Citation (the "Statement of Claim") in the First City Court, Small Claims Division for the City of New Orleans, naming FPB as the sole defendant.

2. On the face of his Statement of Claim, Reed asserts a claim against FPB under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Reed also asserts Louisiana state-law claims against FPB for defamation and "negligent enablement of identity fraud."

3. Reed's primary contention appears to be that FPB allegedly reported inaccurate

information concerning a retail credit-card account that Reed held with FPB. Based on this allegation, Reed claims that FPB violated the FCRA and Louisiana state law and is liable to Reed for damages.

4. On October 4, 2016, FPB filed its Answer to Reed's Statement of Claim in accordance with Louisiana Code of Civil Procedure Article 4903. *See* La. Code Civ. Proc. art 4903 (providing defendant shall answer city court lawsuit within 10 days of service of citation).

## SUMMARY OF THE GROUNDS FOR REMOVAL

5. Because Reed's claim under the FCRA arises under the laws of the United States, this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, this case is removable under 28 U.S.C. § 1441(a).

## VENUE

6. Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district embracing Orleans Parish, Louisiana – the location of the pending state court action. *See* 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Orleans . . . .").

## PROCEDURAL COMPLIANCE

7. Pursuant to 28 U.S.C. §§ 1446(a) and 1447(b) and Local Rule 3.2, copies of all pleadings, orders, and returns of service of process filed in the state court record, including "all process, pleadings and orders served upon" FPB are attached hereto as Exhibit "A."

8. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, FPB will send written notice and a copy of the Notice of Removal to all counsel of record or

unrepresented parties and will file a copy of the Notice of Removal with the Clerk of Court of the First City Court for the City of New Orleans, Parish of Orleans, Louisiana.

## TIMELINESS OF NOTICE OF REMOVAL

9. According to the Statement of Claim, Reed allegedly served FPB with the Statement of Claim and Citation on September 26, 2016. (*See* Exh. A.) On September 21, 2016, FPB received of copy of the Statement of Claim and a demand letter from Reed. (*See id.*) Because FPB is filing this Notice of Removal within 30 days of receiving and allegedly being served with a copy of the Statement of Claim and Citation, the Notice is timely under 28 U.S.C. § 1446(b)(1). *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

## BASIS FOR REMOVAL – FEDERAL-QUESTION JURISDICTION

10. FPB is removing this matter pursuant to 28 U.S.C. § 1441(a). The Court's removal jurisdiction is based on federal-question jurisdiction under 28 U.S.C. § 1331. The Court may also exercise supplemental jurisdiction over Reed's remaining state-law claims pursuant to 28 U.S.C. § 1367.

11. "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Under 28 U.S.C. § 1331, federal-question jurisdiction exists where a plaintiff's well-pleaded complaint demonstrates that either (1) "federal law creates [one or more] cause[s] of action" alleged by plaintiff or (2) "plaintiff's right to relief [under one or more causes of action] necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (stating removal is proper where plaintiff pleads

"cause of action created by federal law"); *Franchise Tax Bd. v. Constr. Laborers Vacaction Trust*, 463 U.S. 1, 9, 14 (1983) (holding federal-question jurisdiction exists, and removal is proper, where a plaintiff's petition alleges a claim for which federal law is the "law that creates the cause of action"). "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Bd. of Comm'rs of Se. Louisiana Flood Protection Auth.-E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 849 (E.D. La. 2014) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005)).

12. A defendant may remove a civil action filed in state small claims court where, as here, the plaintiff asserts a cause of action that arises under federal law on the face of the small claims court complaint. *See, e.g.*, *Dauphin v. Sky Recovery Servs., Ltd.*, No. 06-2543, 2007 WL 1115259, at *1–*2 (S.D. Tex. Apr. 11, 2007) (denying plaintiff's request to remand and affirming federal-question jurisdiction over action removed from Texas small claims court where plaintiff asserted claims under federal Fair Credit Reporting Act and Fair Debt Collection Practices Act in small claims court complaint); *Shales v. Discover Card Servs., Inc.*, No. 02-80, 2002 WL 2022596 (E.D. La. Aug. 30, 2002) (granting motion to compel arbitration in case removed from Jefferson Parish Justice of the Peace Court on basis of federal-question jurisdiction where plaintiff asserted federal claim under Fair Credit Billing Act); *Donner v. Lawrence Paper Co.*, No. 01-2309, 2001 WL 1251685, at *1–*2 (D. Kan. Sept. 27, 2001) ("If a federal question is present on the face of a complaint or the area of law is preempted by federal law, the defendant has the right to remove the case to federal court regardless of the dollar amount the plaintiff is seeking to recover. Because the plaintiffs' claim is properly before the

court on federal question jurisdiction, the court is not permitted to remand the case to small claims court.").[1]

13. In his Statement of Claim, Reed specifically asserts and alleges a claim against FPB under the FCRA. *See* 15 U.S.C. § 1681, *et seq.* By doing so, Reed has "alleged a violation of federal law, which brings . . . [his] case within the jurisdiction of the federal courts and removes it from the reach of small claims court." *Jackson v. Payday Loan Store of Illinois, Inc.*, No. 09-4189, 2010 WL 1031590, at *4 (N.D. Ill. Mar. 17, 2010). Thus, federal-question jurisdiction is present under the first ground articulated by the Fifth Circuit in *Singh*, 538 F.3d at 337–38, as Reed's Statement of Claim expressly asserts a cause of action created by federal law under the FCRA.

14. In light of Reed's allegations that FPB violated the FCRA – a cause of action created by federal law – Reed's claim arises under federal law, and consequently, this Court has original jurisdiction under 28 U.S.C. § 1331.

15. Because the Court has original jurisdiction under 28 U.S.C. § 1331, this action is removable under 28 U.S.C. § 1441(a), regardless of the citizenship of the parties or the amount in controversy at issue. *See Washington v. Direct Gen. Ins. Agency*, 130 F. Supp. 2d 820, 823–24 (S.D. Miss. 2000) ("This court has original federal question jurisdiction over actions brought under the FCRA without regard to the amount in controversy, Title 15 U.S.C. § 1681p. Thus,

---

[1] *See also, e.g., Rogers v. Collecto, Inc.*, No. 14-2287, 2014 WL 6908063, at *1 (S.D. Cal. Dec. 5, 2014) (noting in procedural history that case was removed from small claims court based on allegations of defendant's supposed negative credit reporting with respect to plaintiff); *Sodano v. Chase Bank USA, NA*, No. 12-00369, 2012 WL 1552796, at *3–*4 (E.D. Cal. May 1, 2012) (denying plaintiff's motion to remand in action removed from California small claims court where plaintiff's small claims court lawsuit specifically alleged defendants were liable to plaintiff for violating the FCRA); *Mitchell v. Providence Health Plan*, No. 10-267, 2010 WL 5158540, at *1 (D. Or. Oct. 19, 2010) ("Plaintiff Nicole Mitchell, proceeding *pro se,* commenced this action in state small claims court arising out of defendant Providence Health Plan's handling of her request for coverage for medical expenses. Providence removed the action to this court, asserting federal question jurisdiction under 28 U.S.C. § 1331 based on complete preemption by the Employee Retirement Income Security Act of 1974 (ERISA). This court denied Mitchell's motion to remand.").

actions brought in state court under the FCRA are removable to federal district court.") (citing *Lockhard v. Equifax, Inc.*, 163 F.3d 1259, 1264–65 (11th Cir. 1998)).

16. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims asserted by Reed. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction over such claims exists when the state-law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010). In this case, Reed's state-law claims are based on the same set of operative facts that form the basis of Reed's federal FCRA claim, and as such, the state-law claims are part of the same case or controversy.

WHEREFORE, Defendant First PREMIER Bank prays that this Notice of Removal be deemed good and sufficient, that Reed's Statement of Claim be removed from the First City Court for the City of New Orleans, Parish of Orleans, Louisiana to this Court, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted this 18th day of October, 2016.

*/s/ Mark R. Deethardt*
**LARRY FELDMAN, JR., T.A. (#05503)**
**MARK R. DEETHARDT (#34511)**
McGlinchey Stafford, PLLC
12th Floor, 601 Poydras Street
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
lfeldman@mcglinchey.com
mdeethardt@mcglinchey.com

*Attorneys for Defendant: First PREMIER Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service.  This document is available for viewing and downloading from the Court's ECF system.  I further certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record or unrepresented parties via U.S. mail, email, and/or facsimile, this 18th day of October, 2016:

Anthony Reed
8730 Olive, St.
New Orleans, LA  70118

            */s/ Mark R. Deethardt*
            **MARK R. DEETHARDT**